State ex rel. Anderson v. Daugherty.

STATE *ex rel.* ANDERSON *v.* C. W. DAUGHERTY.*

(*Nashville.* December Term, 1916.)

1. INTOXCATING LIQUORS. "Civil .contempt." "Criminal contempt." Injunction.

A charge of contempt of court for violating an injunction inhibiting the sale of intoxicating liquors as a nuisance is a criminal contempt, which is punitive in character to vindicate the authority of the law and of the court as an organ of society and which, though it may arise in private litigation, raises an issue between the public and the accused, not a civil contempt, which is a proceeding in furtherance of the right of a private person which the court has determined he as a litigant is entitled to. (*Post, pp.* 126, 127.)

Acts cited and construed: Acts 1913, ch. 2, p. 665.

Cases cited and approved: In re Nevitt, 117 Fed., 451; Gompers v. Buck Stove, etc., Co., 221 U. S., 418; Clay v. Waters, 178 Fed., 385; State ex rel. v. Persica, 130 Tenn., 48.

2. CONTEMPT. Criminal contempt. Degree of proof.

In cases involving criminal contempts, the defendant is presumed to be innocent and must be proved to be guilty beyond a reasonable doubt. (*Post, pp.* 127, 128.)

3. CONTEMPT. Criminal contempt. Appeal. Weight of evidence.

The presumption of innocence in case of criminal contempt obtains only in the trial court, and on appeal the adverse finding below raises a presumption of guilt, which the accused must overcome to be entitled to reversal on the facts by showing that the preponderance of the proof is against the finding. (*Post, p.* 128.)

Case cited and approved: Cooper v. State, 123 Tenn., 37.

*On nature of proceeding to punish for contempt for violation of an injunction civil or criminal, see notes in 13 L. R. A., 591; 34 L. R. A., (N. S.) 874: 42 L. R. A. (N. S.), 793.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —A. B. Neil, Judge.

Geo. M. Thomas, for the State.

. E. F. Langford and C. K. Hart, for appellee.

Mr. Justice Williams delivered the opinion of the Court.

Questions arise in this case in regard to the *quantum* of proof required to convict one of contempt of court, and to reverse a judgment of conviction on the appeal of the accused to an appellate court. .

The conviction of Daugherty in the court below was one for the violation of an injunction issued by the court in a nuisance case inhibiting the sale of intoxicating liquors by him as contemnor. Acts (Extra Session), 1913, chapter 2, p. 665.

Contempts are of two kinds, civil and criminal. A "civil contempt" is one where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant. The proceeding is in furtherance of the right of a private person

which the court has determined that he, as a litigant, is entitled to. To this class of contempts belong such an act as the refusal to pay alimony, as ordered. Unless special elements of contumacy appear, such refusal is looked upon as a resistance of the opposite party, and not the court itself. If imprisonment be ordered it is remedial and coercive in character, having relation to the compelling of the doing of something by the contemnor which when done will work his discharge. As has been said, in such case the one imprisoned "carries the keys to his prison in his own pocket." *In re Nevitt,* 117 Fed., 451, 54 C. C. A., 622.

"Criminal contempts," on the other hand, are punitive in character, and the proceeding is to vindicate the authority of the law, and the court as an organ of society. Such contempts, while they may arise in private litigation, in a very true sense "raise an issue between the public and the accused." *Gompers* v. *Buck Stove, etc., Co.,* 221 U. S., 418, 31 Sup. Ct., 492, 55 L. Ed., 797, 34 L. R. A. (N. S.), 874; *Clay* v. *Waters,* 178 Fed., 385, 101 C. C. A., 645, 21 21 Ann. Cas., 897, and note; 1 Words and Phrases (Second Series), 715.

The contempt under review was peculiarly of the latter kind; and the proceeding is one *quasi* criminal in character. *State ex rel.* v. *Persica,* 130 Tenn., 48, 168 S. W., 1056.

In cases involving criminal contempts the rule is that the defendant is presumed to be innocent and

must be proved to be guilty beyond a reasonable doubt. *Gompers* v. *Buck Stove, etc., Co.,* supra, and cases cited.

We think the error of the court of civil appeals was in applying this rule in the weighing of the evidence on the trial on appeal in that court. The presumption of innocence in such a case, as well as in prosecutions for crimes, obtains only in the trial court; and on appeal the adverse finding below raises a presumption of guilt, which the accused must overcome, in order to a reversal on the facts, by showing that the preponderance of proof is against the finding. *Cooper* v. *State,* 123 Tenn., 37, 138 S. W., 826, and cases cited.

In our opinion no such preponderance is shown on the record. Writ of *certiorari* is granted; the judgment of the court of civil appeals is reversed, and that of the criminal court affirmed.