Anthony L. Gunn et al.

*v.*

Southern Bell Telephone and Telegraph Company

(*Knoxville*, September Term, 1956.)

Opinion filed December 7. 1956.

ＯﾘOLEN HENDERSON, Knoxville, WILLIAMS, HARWELL, HOWSER & THOMAS, Nashville, for appellants.

FRANTZ, McCONNELL & SEYMOUR, J. W. MILLS and E. BRUCE FOSTER, Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal by a number of defendants from a fine of $50 each for an alleged contempt of court in violating an injunction, which prohibited the defendants from mass picketing in or about, or near any of the petitioners' places of business, and also taking any other steps except peaceful persuasion seeking to entice petitioners' employees not to work for petitioners, and seeking in any way to change the operations of petitioners' communication system.

It seems that one of the telephone buildings of the pe-

titioner was dynamited but the trial judge did not find
any of the defendants guilty of this but did find them
in contempt of court for mass picketing.

On citation the company introduced five witnesses
and without detailing their testimony it seems clear that
these defendants have violated the injunction.

The petitioner, E. C. Ford, testified that he had been
employed by the Telephone Company for thirty-five
years, and he was in Harriman at the telephone office
on the evening of April 20, 1955; that the first thing he
noticed on the night of April 20, 1955, was a car in the
bank parking area and that four men were there at the
car and that these four men were cited for contempt;
that these men continued there in earnest conversation
for thirty or forty minutes; and during this time there
were pickets walking on the sidewalk in front of the
exchange building; that between nine and ten o'clock
several folks gathered across the street in front of the
fire hall, some sixty or seventy feet away from petition-
er's property and a few minutes thereafter a car drove
up and parked across from the telephone office with four
or five people in the car, and the people that were in
front of the fire hall proceeded toward the car where
they talked several minutes, and shortly thereafter all
of the people, including the ones in the car, went back to
the area in front of the fire hall and from that time on
the crowd continued to increase, and shortly there were
between seventy-five to one hundred people in the group;
that around 10:00 P.M. all of the group, approximately
at the same time, started moving across the street in the
direction of the telephone office; that the sidewalk was
full of people milling around in front of the building;
that while this group was in front of the building, some

firecrackers were discharged directly in front of the door to the exchange building; that just after the firecrackers were set off there was a big explosion on the roof above the power plant, and that the witness identified a number of these defendants.

Other witnesses for the petitioner testified to the same effect.

We think the proof heard by the Chancellor justified him in holding these defendants in contempt of court.

In the argument of this case at the Bar of the Court the question was raised as to whether or not this was a criminal or civil contempt, and if a civil contempt the case should be transferred to the Court of Appeals, since the case was disposed of in the lower court on proof.

The latest case we have on the subject is *Metcalf v. Eastman,* 190 Tenn. 206, 228 S.W.2d 490, in which this Court held that these proceedings were criminal in nature and that the appeal lies directly to this Court. This case follows the reasoning in *Collier v. City of Memphis,* 160 Tenn. 500, 26 S.W.2d 152.

In 17 C.J.S., Contempt, sec. 5 et seq., it is said:

"A criminal contempt is conduct that is directed against the dignity and authority of the court, or a judge acting judicially; it is an act obstructing the administration of justice which tends to bring the court into disrepute or disrespect.

"Criminal contempt may arise in the course of a criminal action, in special proceedings, or in civil or private litigation. * * *"

"The line of demarcation between acts constituting criminal and those constituting civil contempts is very indistinct. The confusion in attempts to classify civil

and criminal contempts is due to the fact that there are contempts in which both elements appear. In general, contempts of court for which punishment is inflicted for the primary purpose of vindicating public authority are denominated criminal, while those in which the enforcement of civil rights and remedies is the ultimate object of the punishment are denominated civil contempts; whether or not a fine or imprisonment is imposed is not a distinguishing test.''

''In proceedings for criminal contempt or proceedings which are regarded as criminal in their nature, it is, as a rule, required that defendant's guilt be established beyond a reasonable doubt, and a mere preponderance of the evidence is insufficient.'' Id., sec. 84, subsec. d., page 113.

 In the proceedings in the present case they are clearly criminal in nature and hence under the authorities above the appeal lies directly to this Court.

Affirmed.