**Jesse W. HUGGINS II et al.**

**v.**

**Marianne Bonner Huggins FOLLIN and John W. Spence, Conservator.**

Supreme Court of Tennessee.

Oct. 1, 1973.

Rehearing Denied Nov. 5, 1973.

William J. Harbison, Nashville, Wilkes Coffey, Jr., Murfreesboro, for petitioners.

Granville S. R. Bouldin, Ridley & Bouldin, Murfreesboro, for respondents.

OPINION

McCANLESS, Justice.

During the trial of this cause in the Chancery Court at Murfreesboro on June 27, 1973, Jesse W. Huggins II, a witness and one of the parties, refused to produce a written agreement in response to a request therefor by counsel for John W. Spence, an intervening party to the cause. From the record it appears that the document was available to the witness, that he

could have produced it, and that it may be pertinent to the adjudication of the suit.

The Chancellor orally commanded the witness to produce the document. The witness refused and the Chancellor thereupon announced that he found the witness to be in contempt and he would commit him to jail until he should produce the document. The Chancellor did not then enter an order on the minutes adjudging the witness to be in contempt and committing him to jail and he recessed court for the day without signing such an order. He refused to admit the witness to bail.

On the same day—that is, on June 27, 1973—counsel representing Jesse W. Huggins II, appeared ex parte before Judge William S. Russell, one of the Judges of the Court of Criminal Appeals, who granted the writs of certiorari and supersedeas, directing that the Clerk and Master "prepare and forward a transcript of all orders and other filings relevant to the judgment of contempt of court entered in this cause, and docketing the case for review as provided by law" and "that the Petitioner, Jesse W. Huggins, II, be released upon a proper bail bond, in the amount of Two Hundred Fifty Dollars ($250.00), pending final disposition of the appeal of this order of incarceration; and that the order of the Chancery Court of Rutherford County to the contrary is superseded and suspended."

John W. Spence, an intervening party, filed his petition for certiorari and supersedeas by which he sought to have adjudged void and set aside the order of Judge Russell. The petition was first presented to one member of the Court who ordered that it be presented to the entire Court.

The entire Court, accordingly, at the September session heard arguments in support of and in opposition to the petition for the writs.

The question determinative of the jurisdiction of a Judge of the Court of Criminal Appeals to issue the writs of certiorari and supersedeas in this case is whether the contempt of which the Chancellor found Jesse W. Huggins guilty was a civil or a criminal contempt. If it were civil contempt then the jurisdiction to review it and to grant the writs was in the Court of Appeals. B. H. Stief Jewelry Co. v. Walker, 36 Tenn.App. 427, 256 S.W.2d 392 [1952].

If, on the other hand, the contempt were a criminal contempt, the jurisdiction to review it is reposed in the Court of Criminal Appeals by the express language of Section 16-448, T.C.A.

It appears without question that counsel for the intervenor requested the witness to produce the contract in order to aid him in the development of his effort in the cause. The witness, as has been observed, declined to produce the instrument. The court commanded him to produce it, and upon his continued refusal ordered that he be committed to jail until such time as he should produce it. We hold that such a contempt is a civil contempt governed by the principles of State ex rel. Anderson v. Daugherty, 137 Tenn. 125, 191 S.W. 974 [1916], in which the following language appears:

"Contempts are of two kinds, civil and criminal. A 'civil contempt' is one where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant. The proceeding is in furtherance of the right of a private person which the court has determined that he, as a litigant, is entitled to. To this class of contempts belong such an act as the refusal to pay alimony, as ordered. Unless special elements of contumacy appear, such refusal is looked upon as a resistance of the opposite party, and not the court itself. If imprisonment be ordered it is remedial and coercive in character, having relation to the compelling of the doing of something by the contemnor which when done will work his discharge. As has been said, in such case the one imprisoned 'carries the keys to

his prison in his own pocket.' In re Nevitt, [8 Cir.] 117 F. [448] 451, 54 C. C.A., 622.

" 'Criminal contempts,' on the other hand, are punitive in character, and the proceeding is to vindicate the authority of the law, and the court as an organ of society. Such contempts, while they may arise in private litigation, in a very true sense 'raise an issue between the public and the accused.' "

Here the witness was directed to comply with a command of the court in a civil case and the punishment was meted at the instance of a party litigant, to endure only so long as he should persist in his contempt. This was a civil contempt—a contempt of which the Court of Criminal Appeals and the Judges of that court were without jurisdiction to review. The order of Judge Russell was void.

Counsel for Jesse W. Huggins II insists that his disobedience of the oral direction of the Chancellor to produce the contract did not constitute contempt. With this insistence we cannot agree. The Chancellor presiding at a trial had the authority to order the production of the agreement in question just as he had the authority to rule on the competency of the evidence offered. In neither instance was he obliged to reduce his ruling to a written order entered on the minutes of the court. The refusal of the witness to obey the Chancellor's oral order was disobedience of a command of the court and was a contempt under the terms of paragraph (3) of Section 23–902, T.C.A.

We conclude from the record before us that the Chancellor properly directed the witness, Huggins, to produce the agreement and that upon his refusal to comply the Chancellor acted within his authority to adjudge him in contempt and to commit him to jail until he should comply with the court's command.

The witness insists that he should not be compelled to produce the agreement until required to do so by a decree from which he should be allowed to appeal. With this insistence we disagree. To so hold would be to permit the production of the agreement and the trial of this cause to be delayed for a time the duration of which we cannot predict. The effect of this proceeding has been to afford Jesse W. Huggins II a full review of his contentions with regard to the production of the agreement.

We grant the petition for certiorari and supersedeas of the intervenor, John W. Spence, and remand the cause to the Chancery Court for further proceedings consistent with this opinion.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Judge, concur.

## ON PETITION TO REHEAR

McCANLESS, Justice.

The respondent, Jesse W. Huggins II, and others have filed their petition to rehear, insisting that we lack jurisdiction and that since the contempt of which the Chancellor found the respondent, Jesse W. Huggins II guilty was a criminal contempt, jurisdiction to review it lies in the Court of Criminal Appeals. With this insistence we cannot agree. Such a contempt as that involved in this proceeding is a civil contempt and we have jurisdiction to review the action of the Judge of the Court of Criminal Appeals who superseded it. We again refer to State ex rel. v. Daugherty, 137 Tenn. 125, 191 S.W. 974 [1916].

We must deny the petition to rehear.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Judge, concur.