IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**December 21, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JENNIFER O. WILSON | ) | FOR PUBLICATION |
| | ) | |
| Appellee | ) | FILED:  DECEMBER 21, 1998 |
| | ) | |
| v. | ) | DAVIDSON COUNTY |
| | ) | |
| LARRY ARNOLD WILSON | ) | HON. MURIEL ROBINSON, |
| | ) | JUDGE |
| Appellant | ) | |
| | ) | NO. 01-S-01-9807-CV-00130 |

DISSENT

The majority in this case holds that "no constitutional principle nor ethical standard automatically disqualifies the private attorney for the beneficiary of [a court] order from prosecuting a contempt action for a violation of the order." Although I agree that the appointment of such an attorney as a "private prosecutor" does not violate the contemnor's due process rights, I write separately to express my view that such appointment does, indeed, create the potential for conflict and impart the appearance of impropriety.  Such potential and appearance mandate a rule of automatic disqualification for ethical reasons.  Applying this rule to the record before us, I would affirm the judgment of the Court of Appeals.

Contempt may be either civil or criminal in nature. Civil contempt is an action brought to enforce private rights. Black v. Blount, 938 S.W.2d 394, 398 (Tenn. 1996).  Criminal contempt, on the other hand, is an action brought to vindicate a

court's authority and to maintain the integrity of the court as an "organ of society."  Id.; see also State v. Winningham, 958 S.W.2d 740, 746 (Tenn. 1997).  Because of these different objectives, the civil and criminal contemnors are treated differently.  While both may be imprisoned, the civil contemnor "carries the keys to his prison in his own pocket" and must be immediately released upon compliance with the court's orders.  State ex rel. Anderson v. Daugherty, 137 Tenn. 125, 127, 191 S.W. 974, 974 (1917).  The criminal contemnor does not carry the same keys.  He or she faces an unconditional sanction which is punitive in nature. Black v. Blount, 938 S.W.2d at 398.  Thus, this Court has previously recognized that "[w]hile criminal contempts may arise in the course of private civil litigation, such proceedings, 'in a very true sense raise an issue between the public and the accused.'"  Id. (quoting State ex rel. Anderson v. Daugherty, 137 Tenn. at 127, 191 S.W. at 974).

Yet despite this "issue between the public and the accused," the majority maintains that the interest of the private litigant does not compromise the integrity of the judicial process because it is the same as the State's interest:  to force compliance with the court's order.  Were this simply a civil contempt proceeding, I would agree.  However, this is a criminal proceeding where the State's essential interest is (or should be) to punish the accused for prior noncompliance.  While the private

2

litigant may endeavor to satisfy several different interests including punishment, compliance would be paramount among them.[1]

Because the interests of the private litigant and the State may not coincide, the "private prosecutor" may be forced to represent "differing interests"[2] in the criminal contempt proceeding. These "differing interests" may lead to different choices in the exercise of the lawyer's independent professional judgment. For example, while the State's interests may mandate the exercise of greater restraint in the proceeding, the private litigant's interests may mandate that the lawyer exercise little or no restraint in the proceeding. Because the different interests may compromise the exercise of the lawyer's independent professional judgment, the representation is an ethical violation under Tenn. S. Ct. R. 8, DR 5-105(A). This potential conflict is not ameliorated simply by saying that the lawyer is "ethically obligated to exercise his or her independent professional judgment to protect the common interest[s of the clients]." Because the lawyer has both the State and the private litigant as clients, the lawyer is thrust, in my opinion, into an ethical conundrum.

---

[1]For example, the private litigant may pursue criminal contempt for violation of a restraining order, not to punish the accused, but to create a record for use in later civil proceedings against the accused, or to "scare" the accused, or to obtain other advantages from the contemnor's incarceration or other sanction.

[2]Tenn. S. Ct. R. 8, DR 5-105(A) states:

A lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under DR 5-105(C).

3

The majority all but acknowledges (albeit obliquely) that the use of "private" unsworn lawyers to represent the interests of the State while simultaneously endeavoring to represent the interests of a client is ethically questionable. They recognize the remedy of disqualification, but describe it as economically prohibitive. But this Court should not link justice to the checkbook in so direct a manner.

It occurs to me that the same concerns were aired when Gideon v. Wainwright[3] was decided, when In re Gault[4] was decided, when Boykin v. Alabama[5] was decided, and when State v. Mackey[6] was decided. Admittedly, these cases concerned constitutional rights, but one lesson from them is that we survived nonetheless--both jurisprudentially and economically. Although economics is, of course, a necessary consideration, all too often the remedy is sacrificed on the altar of economics. Such is the case here. It should not be.

Accordingly, because DR 5-105(A) states that a lawyer "shall decline" employment which may compromise the lawyer's

---

[3]372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (requiring states to provide counsel to indigent defendants in non-capital proceedings).

[4]387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967) (requiring states to provide due process rights of criminal trials in juvenile proceedings).

[5]395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (requiring courts to canvass the accused's knowledge and voluntariness in entering a guilty plea).

[6]553 S.W.2d 337 (1977) (elaborating on Boykin's requirements for a plea colloquy before acceptance of an accused's guilty plea).

independent professional judgment, I would hold that the Code of Professional Responsibility automatically disqualifies a private litigant's lawyer from acting as a prosecutor in a contempt action resulting from the underlying civil litigation. Thus, I would affirm the Court of Appeals's judgment reversing the trial court and holding that a litigant's private counsel is disqualified from acting as a prosecutor in a criminal contempt action.

_____
ADOLPHO A. BIRCH, JR., Justice