IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 16, 2005

## JUDITH D. PICKERN v. ROBERT M. PICKERN

**Appeal from the Chancery Court for Bledsoe County**
**No. 2837     Jeffrey F. Stewart, Chancellor**

---

**No. E-2004-02038-COA-R3-CV - FILED MARCH 29, 2005**

---

This is an appeal from a finding of contempt following the enrollment of a foreign decree. The issue presented is whether Mr. Pickern could be held in civil contempt of court for his failure to pay alimony upon the enrollment of the foreign decree when a petition for contempt had not been filed. Following a hearing, the trial court enrolled the foreign decree, found Mr. Pickern in willful contempt of court, awarded Ms. Pickern judgment for the alimony arrearage and her attorney's fees, and ordered the sale of Mr. Pickern's real property to satisfy the alimony arrearage unless he paid the judgment within ninety days. We hold that the trial court properly enrolled the foreign decree, but its actions were premature regarding the civil contempt because no petition had been filed seeking this relief. Therefore, we affirm the enrollment of the foreign decree and the judgment for the alimony arrearage, but vacate the finding of civil contempt and the award of attorney's fees.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Trial Court Affirmed in Part and Vacated in Part; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

M. Keith Davis, Dunlap, Tennessee, for the Appellant, Robert M. Pickern.

Elizabeth Greer Adams, Dunlap, Tennessee, for the Appellee, Judith D. Pickern.

### OPINION

The parties, Judith D. Pickern and Robert M. Pickern, were divorced in the state of Georgia on March 24, 1988. The Georgia decree provided, *inter alia*, that Mr. Pickern would pay to Ms. Pickern alimony in the amount of $500.00 per month beginning February 1, 1988. Mr. Pickern did not pay the alimony as ordered. In order to collect the arrearage, on July 14, 2003, Ms. Pickern filed a petition pursuant to Tenn. Code Ann. § 26-6-101 in the Chancery Court for Bledsoe County to which she attached an authenticated copy of the foreign decree and requested that the clerk issue such executions as were necessary to collect the amount owing to her. She also requested a sale of Mr. Pickern's property to satisfy the amount due her, a temporary restraining order restraining Mr.

Pickern from concealing, conveying or encumbering certain specified real estate acquired by him, and such other relief to which she may have been entitled. Subsequently, the trial court entered an order restraining Mr. Pickern from concealing, selling, or mortgaging certain specified real property owned by him in Bledsoe County, Tennessee.

Mr. Pickern filed an answer and a motion to dismiss and to dissolve the temporary restraining order. Mr. Pickern stated in his motion that Ms. Pickern failed to comply with Tenn. Code Ann. §36-5-2601 *et seq.,* which is the Uniform Interstate Family Support Act. Ms. Pickern responded by filing on October 1, 2003, an amended notice pursuant to Tenn.Code Ann. §36-5-2601 *et seq.* The Amended Notice sought no additional relief, but provided in pertinent part in compliance with the Act the following:

> a. That a registered Order is enforceable as of the date of registration in the same manner as an Order issued by a tribunal of this state;
>
> b. That a Hearing to contest the validity or enforcement of the registered Order must be requested within twenty days after the date of mailing or personal service of the Notice (this Notice has been complied with inasmuch as Defendant through his Attorney scheduled this matter for further hearing on November 18, 2003);
>
> c. That failure to contest the validity or enforcement of the Registered Order in a timely manner will result in confirmation of the Order and enforcement of the Order and the alleged arrearages and precludes further Contest of that Order with respect to any Order that could have been asserted and;
>
> d. The amount of arrearage is $25,000 as of September 01, 2003, which does not include expenses, Attorney fee's [sic] and other costs;
>
> e. At this time, no income withholding Order is being requested.

No further pleadings were filed. Following a hearing on July 15, 2004, the trial court "authenticated and recognized for enforcement" the Georgia decree. Further, the trial court determined that an arrearage of $36,000 was owed to Ms. Pickern by Mr. Pickern and that Mr. Pickern was in "willful contempt for failure to pay the same." Additionally, the trial court found that Mr. Pickern was the owner of two pieces of real estate in Bledsoe County, Tennessee and that he acquired those pieces of property during the accrual of his arrearage and that by failing to pay alimony as required by the court order and purchasing real estate instead, Ms. Pickern was "entitled to an equitable lien in and to Defendant's real estate to the extent of the alimony arrearage described herein." The trial court further found that Mr. Pickern had the ability to pay alimony through the sale or mortgage of his real estate and required him to satisfy the arrearage within ninety days from the date of the order or his real estate would be sold by the court and the proceeds applied to the

arrearage.  Finally, the trial court determined that Ms. Pickern was entitled to attorney's fees and that the equitable lien granted to Ms. Pickern for the arrearage would also secure the payment of attorney's fees.

Mr. Pickern appeals the decision of the trial court and presents for our review essentially two issues which we restate:

       1.  Whether the trial court erred in finding Mr. Pickern in contempt of court.

       2.  Whether the trial court erred in awarding Ms. Pickern attorney's fees.

With respect to the contempt issue, Mr. Pickern maintains that pursuant to Tenn. R. Civ. P. 58, a judgment does not become effective until its entry unless the court orders otherwise and it is the filing of the signed judgment with the clerk of the court which constitutes entry, citing *Environmental Abatement, Inc. vs. Astrum R.E. Corp.*, 27 S.W.3d 530 (Tenn. Ct. App. 2000). Mr. Pickern argues that under the facts of this case there was no entered and effective judgment with respect to which he could be held in contempt.  Mr. Pickern further argues that Tenn. Code Ann. §36-5-2601 *et seq.* controls the enforcement of foreign orders and that said statute requires that the court issue an order confirming the foreign order and that the court is without jurisdiction to make a finding of civil contempt until the order is entered with the clerk.

Ms. Pickern argues that when she filed the notice of filing of authenticated foreign judgment, Mr. Pickern had twenty (20) days in which to request a hearing on the validity of the judgment and that he was limited to one or more of the seven (7) defenses set forth in Tenn. Code Ann. §36-5-2601 *et seq*.  The record is devoid of any pleading or responsive pleading by Mr. Pickern to request a hearing within twenty (20) days or any pleading or responsive pleading wherein he raised at least one of the seven (7) defenses available to him.  Accordingly, Ms. Pickern argues that the Georgia judgment is "uncontested" and Mr. Pickern is prohibited from contesting its validity or enforcement. Based upon the aforementioned, Ms. Pickern states that the registering tribunal was required to issue an order confirming the Georgia order, which she claims the trial court did and moreover, that the order was confirmed by operation of law because of Mr. Pickern's failure to contest its validity or enforcement pursuant to Tenn. Code Ann. §36-5-2601 *et seq*.  Ms. Pickern's final argument is that during the hearing on July 15, 2004, Mr. Pickern stipulated an arrearage of $36,000 after which the trial court proceeded to hear testimony regarding Mr. Pickern's ability to pay the monthly alimony payment.  Ms. Pickern asserts that because of the stipulation and testimony of Mr. Pickern, the issue was tried by express or implied consent and, further, that by stipulating to the arrearage, Mr. Pickern has waived his right to object to jurisdiction of this court.

This is a non-jury case and, accordingly, our review is de novo upon the record of the trial court without any presumption of correctness attaching to the trial court's conclusions of law. *Campbell vs. Florida Steel Corp.*, 919 S.W.2d 26, 35(Tenn. 1996) and Tenn. R. App. P. 13(d).  We must, however, presume the trial court's factual finding to be correct absent evidence preponderating to the contrary.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

This case began with a petition to enroll a Georgia judgment which provided, *inter alia*, for the payment of alimony. With respect to enrollment of the Georgia judgment, the Uniform Interstate Family Support Act ("UIFSA"), codified at Tenn. Code Ann. §§36-5-2601 to 2603 (Supp. 1999), provides specific instructions for domesticating foreign judgments, decrees, or orders involving spousal support or child support in Tennessee. The Act states in pertinent part:

§36-5-2601. Registration of order for enforcement
A support order . . . issued by a tribunal of another state may be registered in this state for enforcement.

§36-5-2602. Procedure to register order for enforcement
(a) A support order . . . of another state may be registered in this state by sending the following documents and information to the trial court in the county with appropriate jurisdiction. . . .
(1) A letter of transmittal to the tribunal requesting registration and enforcement;
(2) Two (2) copies, including one (1) certified copy, of all orders to be registered, including any modification of an order;
(3) A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage;
(4) The name of the obligor and, if known:
(i) The obligor's address and social security number;
(ii) The name and address of the obligor's employer and any other source of income of the obligor; and
(iii) A description and the location of property of the obligor in this state not exempt from execution; and
(5) The name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.
(b) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.
(c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.

§36-5-2603. Effect of registration for enforcement
(a) A support order . . . issued in another state is registered when the order is filed in the registering tribunal of this state.

(b) A registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state.

(c) Except as otherwise provided in this part, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction.

.    .    .

§36-5-2605.  Notice of registration of order

(a) When a support order . . . issued in another state is registered, the registering tribunal shall notify the nonregistering party.  The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.

(b) The notice must inform the nonregistering party:

(1) That a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state;

(2) That a hearing to contest the validity or enforcement of the registered order must be requested within twenty (20) days after the date of mailing or personal service of the notice;

(3) That failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages and precludes further contest of that order with respect to any matter that could have been asserted; and

(4) Of the amount of any alleged arrearages.

(c) Upon registration of an income-withholding order for enforcement, the registering tribunal shall notify the obligor's employer pursuant to part 5 of this chapter.

§36-5-2606.  Procedure to contest validity or enforcement of registered order

(a) A nonregistering party seeking to contest the validity of a registered order in this state shall request a hearing within twenty (20) days after the date of mailing or personal service of notice of the registration.  The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to §36-5-2607 (Contest of Registration or Enforcement).

(b) If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.

(c) If a nonregistering party requests a hearing to contest the validity or enforcement of the registered order, the registering tribunal shall schedule the matter for hearing and give notice to the parties of the date, time and place of the hearing.

§36-5-2607.  Contest of registration or enforcement

(a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

(1) The issuing tribunal lacked personal jurisdiction over the contesting party;

(2) The order was obtained by fraud;

(3) The order has been vacated, suspended, or modified by a later order;

(4) The issuing tribunal has stayed the order pending appeal;

(5) There is a defense under the law of this state to the remedy sought;

(6) Full or partial payment has been made; or

(7) The statute of limitation under § 36-5-2604 (Choice of Law) precludes enforcement of some or all of the arrearages.

(b) If a party presents evidence establishing a full or partial defense under subsection (a), a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this state.

(c) If the contesting party does not establish a defense under subsection (a) to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.

Tenn. Code Ann. §§ 36-5-2601 to 36-5-2607 (Supp. 1999).

According to the record, Ms. Pickern complied with the statutory requirements for enrolling a foreign decree. Ms. Pickern filed the foreign judgment in the registering tribunal of this state pursuant to Tenn. Code Ann. § 36-5-2603. She then notified Mr. Pickern that said judgment had been registered pursuant to Tenn. Code Ann. § 36-5-2605. Mr. Pickern was required by statute to request a hearing within twenty days after the date of mailing or personal service of the notice in order to contest the validity of the order pursuant to Tenn. Code Ann. § 36-5-2605. Further, in order to contest the enrollment of the judgment, Mr. Pickern was required to raise one of the defenses available to him pursuant to Tenn. Code Ann. § 36-5-2607. None of these defenses were raised. It

is clear from the record that appropriate steps were taken with regard to the enrollment of the Georgia decree.

While the statutory scheme under discussion does not require the registering tribunal to enter a new order registering the foreign judgment in order to accomplish registration,[1] the trial court in the case *sub judice* did in fact enter an order enrolling the foreign decree. We agree with Ms. Pickern that the judgment is uncontested and that Mr. Pickern is prohibited from any argument with respect to the enrollment or validity of the final decree. We further agree with Ms. Pickern that the foreign decree was confirmed by operation of law. However, Ms. Pickern's argument overlooks the fact that enrolling the order only made the order enforceable in the same manner and subject to the same proceedings as an order issued by a trial court in this state. Tenn. Code Ann. § 36-5-2603(b). Had the Tennessee trial court issued the alimony order and the Defendant not paid his alimony, then clearly a petition for contempt would be required to be filed before the Defendant could be found in contempt of court. We disagree that by stipulating to an arrearage at the hearing on this matter Mr. Pickern waived his right to due process. Therefore, we affirm the trial court's enrollment of the Georgia judgment.

As to the judgment for alimony arrearage, the evidence does not preponderate against the finding by the trial court that an arrearage exists of $36,000. The record reflects that Mr. Pickern stipulated at the hearing on July 28, 2004, to the amount as set forth. Mr. Pickern has made no argument otherwise in this appeal. We therefore affirm the judgment award to Ms. Pickern for $36,000.

We now turn our attention to the contempt issue. There are two types of contempt, civil and criminal. We have previously discussed the differences between the two:

> Contempts may be either criminal or civil in nature. Civil contempt occurs when a person refuses or fails to comply with a court order and a contempt action is brought to enforce private rights. *Robinson v. Air Draulics Engineering Co.*, 214 Tenn. 30, 37, 377 S.W.2d 908, 911 (1964). If imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order. Compliance will result in immediate release from prison. Therefore, it has often been said that in a civil contempt case, the contemnor "carries the keys to his prison in his own pocket...." *State ex rel. Anderson v. Daugherty*, 137 Tenn. 125, 127, 191 S.W. 974 (1917) (internal citations and quotations omitted); *see also State v. Turner*, 914 S.W.2d 951, 955 (Tenn. Crim. App. 1995).

---

[1] A new order is required under Tenn. Code Ann. § 36-5-2607(c) if the nonregistering party seeks to contest the validity of the registered order under Tenn. Code Ann. § 36-5-2606.

> Criminal contempts, on the other hand, are intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society. *Daugherty*, 137 Tenn. at 127, 191 S.W. at 974; *Gunn v. Southern Bell Tel. & Tel. Co.*, 201 Tenn. 38, 41-42, 296 S.W.2d 843, 844-45(1956). Therefore, sanctions for criminal contempt are generally both punitive and unconditional in nature. *Id*.
>
> .   .   .
>
> Our review of this case is also influenced by two further classifications of contempt, direct and indirect, which differ, among other ways, in the minimal procedure that will satisfy the requirements of due process in each case. Direct contempt is based upon acts committed in the presence of the court, and may be punished summarily. Indirect contempt is based upon acts not committed in the presence of the court, and may be punished only after the accused has been given notice and an opportunity to respond to the charges at a hearing. *State v. Maddux*, 571 S.W.2d, 819, 821 (Tenn.1978)(citing cases).

*Black v. Blount*, 938 S.W.2d at 394, 398 (Tenn. 1996).

This case involves an indirect civil contempt. Ms. Pickern filed a Notice of Filing of Authenticated Foreign Judgment, a Restraining Order, and an Amended Notice. There is no indication that Ms. Pickern ever filed a motion or petition for contempt, nor was the issue of contempt addressed in the Notice of Filing of Authenticated Foreign Judgment, Restraining Order or Amended Notice. The record shows that the trial court found Mr. Pickern in contempt and imposed civil sanctions on its own motion. This court stated in *State ex rel. Agee v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995), that "[i]f a party does not seek to hold the opposing party in contempt, the court cannot impose civil sanctions on its own motion." Although this is a case involving a civil contempt rather than a criminal contempt, we believe that Mr. Pickern was entitled to notice as well as an opportunity to respond to the allegations of contempt. We, therefore, vacate the finding that Mr. Pickern was in willful contempt of court. Since we are vacating the contempt finding, we likewise vacate the order placing a lien on Mr. Pickern's property and ordering the property sold. We find no authority authorizing the imposition of an equitable lien and sale of property upon the enrollment of a foreign judgment. This court is in no way saying that Mr. Pickern's behavior has not been contemptuous; however, in order for the trial court to make that determination Ms. Pickern must first file a petition for contempt and provide proper notice to Mr. Pickern.

Mr. Pickern appeals the award of attorney's fees. In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d

186, 194 (Tenn. 2000). Upon review of the Uniform Interstate Family Support Act, we find no basis upon which to award attorney's fees for the enrollment of a foreign judgment, nor do we find any contractual agreement upon which to base an award of attorney's fees. The trial court erred in awarding Ms. Pickern attorney's fees; therefore, we vacate the award of attorney's fees.

For the reasons stated herein, we affirm the trial court's enrollment of the Georgia judgment and the judgment to Ms. Pickern for an alimony arrearage of $36,000, but we vacate the finding of contempt and the award of attorney's fees. The costs on appeal are assessed equally between Judith D. Pickern and Robert M. Pickern, for which execution may issue if necessary.

Sharon G. Lee, J.