IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2009

## STATE OF TENNESSEE, EX REL., JANICE L. BANE v. WILLIAM E. JARVIS

**Appeal from the Circuit Court for Davidson County**
**No. 93-D-4205     Muriel Robinson, Judge**

---

**No. M2008-01428-COA-R3-CV - Filed July 24, 2009**

---

Father appeals order finding him in contempt of court and sentencing him to a total of 180 days incarceration.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S.,  and FRANK G. CLEMENT, JR., J. joined.

William E. Jarvis, Hendersonville, TN, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren A. Jasper, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee ex rel., Janice L. Bane.

### MEMORANDUM OPINION[1]

This appeal arises out of a finding that William Jarvis was in wilful contempt of the Fourth Circuit Court for Davidson County by virtue of his failure to pay child support in accordance with the orders of the court and his sentence to 180 days in jail.  The proceeding giving rise to the finding of contempt was the fifth such proceeding instituted against Mr. Jarvis, who was divorced from Janice Bane in 1995.  Mr. Jarvis was designated as the alternative residential parent of their child

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and, at the time of the contempt proceeding, was under an obligation to pay child support bi-monthly in the amount of $180.00 and to provide medical insurance for the child.

The Petition for Contempt, amended as of the day of the hearing, alleged that Mr. Jarvis was in arrears as of June 5, 2008 in the amount of $10,327.85 and sought, *inter alia,* a judgment in that amount and a finding that Mr. Jarvis be found in criminal contempt and sentenced to ten days' incarceration for each finding of contempt, not to exceed six months. Upon finding Mr. Jarvis to be indigent, the trial court appointed counsel to represent him.

Trial of the petition was held on June 5, 2008. Proof at the trial included testimony that Mr. Jarvis held a Maters Degree and was certified to teach college and/or private high school; that he was then employed teaching music and with the Tennessee Protection Agency; that he had paid a total of $12,192.165 in child support since being cited for contempt in 2004, including a total of $720.00 in 2007 and $63.00 in 2008.[2] The court found Mr. Jarvis in contempt on 18 occasions, sentenced him to ten days' imprisonment for each finding of contempt, to be served on weekends and entered judgment for the arrears in child support of $10,327.85.

Mr. Jarvis appeals, raising the following issues:

1. Whether being a poor and unemployed person that [sic] is unable to pay child support payments on time constitute 'Criminal Contempt'?
2. Whether the 180 days in jail [constitutes] cruel and unusual punishment for being unemployed and poor for reasons that are beyond my powers?
3. Whether my level of education with a Masters Degree and inability to obtain employment to meet the child support payments [are] considered to be 'Criminal Contempt'?
4. Whether the 180 days jail sentence is a disproportional [sic] sentence for a charge that fails to comply with Rule 42 of Tennessee Rules of Criminal Procedure.

The Tennessee General Assembly has empowered the courts of this state to inflict punishments for contempts of court. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 354 (Tenn. 2008). One of the statutory provisions enacted by the Legislature allows a charge of contempt for the "willful disobedience or resistance of any officer of the such courts, . . . to any lawful . . . order, . . . or command of such courts." Tenn. Code Ann. § 29-9-102(3). Criminal contempt convictions are punitive in character. *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). The primary purpose of a criminal contempt conviction is to vindicate the court's authority. *Id.* (citing *Gunn v. Southern Bell Tel. & Tel. Co.*, 296 S.W.2d 843, 844 (1956); *Garrett v. Forest Lawn Memorial Gardens*, 588 S.W.2d 309, 315 (Tenn. Ct. App. 1979)). While criminal contempts may arise in the course of private civil litigation, such proceedings, "in a very true sense raise an issue between the public and the accused." *Daugherty*, 191 S.W. at 974. In the

---

[2] These facts are taken from the Statement of the Evidence.

trial of a criminal contempt case, therefore, guilt of the accused must be established by proof beyond a reasonable doubt. *Robinson*, 377 S.W.2d at 912.

The record in this case is clear beyond a reasonable doubt that Mr. Jarvis has failed to comply with the court's order that he pay child support and provide insurance coverage for his child; indeed, he contests neither the fact of his non-payment nor the amount of the arrearage. The court found him to be under-employed, very educated and capable of keeping current in the modest child support payments, findings that are fully supported in the record. To the extent Mr. Jarvis' employment condition and financial state may justify relief from the court's order, he has not sought same. The court's finding of contempt is affirmed.

The imposition of ten days' imprisonment for each finding of contempt is specifically authorized by Tenn. Code Ann. § 29-9-103 and, contrary to Mr. Jarvis' argument, is not disproportionate to the offense. This was the fifth proceeding to compel Mr. Jarvis to comply with the court's orders; each prior proceeding had resulted in his payment of the arrearage on or near the date of the hearing.

The judgment of the trial court is AFFIRMED in all respects.

Costs of this appeal are taxed against William E. Jarvis for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE