IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2011 Session

**TRACY ROSE BAKER v. JEFFREY D. BAKER**

**Appeal from the Chancery Court for Sumner County**
**No. 2008D412    Carol Soloman, Judge, by Designation**

**No. M2010-01806-COA-R3-CV - Filed March 9, 2012**

PATRICIA J. COTTRELL, P.J., concurring.

We have determined that we have no means of reaching the issue of the validity of the Agreed Order itself. I believe that the appropriate procedure to challenge the agreement at this point in time is by petition for post-conviction relief, which Mother is pursuing. Nonetheless, we are troubled by the procedure used herein that resulted in an original punishment of six months incarceration for Mother.

This appeal demonstrates the difficulties of resolving various issues in the context of criminal contempt arising out of a civil lawsuit. The case before us involves the application of principles from either or both civil and criminal law and procedure to a criminal contempt proceeding arising out of a post-divorce dispute. For example, the parties entered into an "Agreed Order" that purported to include a "guilty plea" to contempt petitions and also settled various other issues relating to the parenting arrangement and attorneys' fees. The trial court entered the "Agreed Order," but apparently did not engage in the procedures generally required in accepting a "guilty plea."

While our opinion herein cites authority for the proposition that criminal contempt is a crime in the ordinary sense of the word, it is also clear that criminal contempt is not the same as violation of a criminal ordinance. Our courts have addressed the issue of criminal contempt on numerous occasions and have concluded that a criminal contempt proceeding is *sui generis*, or a class unto itself. The Tennessee Supreme Court described criminal contempt proceedings as "sui generis – neither a civil action nor a criminal prosecution as ordinarily understood, nor a criminal prosecution within the Sixth Amendment of the United States Constitution." *Bowdon v. Bowdon*, 278 S.W.2d 670, 672 (Tenn. 1955). As we explained in *Brown v. Latham*,

The proceeding in contempt is for an offense against the court as an organ of public justice, and not for a violation of the criminal law. Contempt proceedings are sui generis--neither a civil action nor a criminal prosecution as ordinarily understood. Thus, a defendant may be jailed for criminal contempt without a trial by jury, but the same defendant may demand a jury trial in a charge of violating a criminal statute if the statute provides that incarceration is one of the choices for punishment.

1994 WL 570102, at *3 (Tenn. Ct. App. 1994) (citations and quotations omitted).

An act of contempt is a "willful or intentional act that offends the court and its administration of justice." *Ahern v. Ahern*, 15 S.W.3d 73, 78 (Tenn. 2000). Criminal contempt actions "preserve the power and vindicate the dignity of the court." *Stream v. Stream*, 1992 WL 184771, at *1 (Tenn. Ct. App. 1992). Criminal contempt sanctions are imposed as punishment for not adhering to a court's order. *Long v. McAllister-Long*, 221 S.W.3d 1, 12-13 (Tenn. Ct. App. 2006).

Because the main purpose of criminal contempt is to vindicate the authority of the court, *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993) (citing *Gunn v, Souther Bell Tel. & Tel. Co.*, 296 S.W.2d 843, 844 (1956) and *Garrett v. Forest Lawn Memorial Gardens*, 588 S.W.2d 309, 315 (Tenn. Ct. App. 1979)), it is imperative that the court itself take an active role in determining whether conduct has indeed been contemptuous and willful and, if so, what punishment, if any, should be imposed within the statutory limits. While our Supreme Court has determined that it is permissible for an attorney for one of the litigants to "prosecute" a criminal contempt against the other party, *Wilson v. Wilson*, 984 S.W.2d 898, 902-03 (Tenn. 1998), nothing in that opinion implies that such an attorney can negotiate on behalf of the court (whose orders have been violated) or the state.

I do not think that criminal procedural statutes automatically apply to criminal contempt actions, but it is clear that Constitutional protections do apply because of the potential loss of liberty. Among those protections are the *Boykin/Mackey* requirements. Thus, courts punishing parties for criminal contempt must hold a hearing and directly address the defendant to ensure that the waiver of rights is knowing and voluntary. I would go further and require courts to have a hearing to set the punishment and not accept a plea arrangement, especially by agreed order simply filed with the court.

I present these issues and concerns to demonstrate the need for clarity in this area and suggest that our Supreme Court take the opportunity in the appropriate case to clarify the procedures required in a criminal contempt proceeding arising out of a civil action.

_____

PATRICIA J. COTTRELL, JUDGE