IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 8, 2010 Session

## VICKI BROWN v. ANTIONE BATEY

**Appeal from the Juvenile Court for Davidson County**
**No. 2119-61617, 2007-3591, 2007-6027     W. Scott Rosenberg, Magistrate**

_____

**No. M2009-02020-COA-R3-JV - Filed August 9, 2010**

_____

This is an appeal of a criminal contempt hearing in which the appellant father was found to be in contempt for non-payment of child support pursuant to court order. Upon review of the record, we vacate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J. and D. MICHAEL SWINEY, J., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Antione Batey.

Robert E. Cooper, Jr., Attorney General & Reporter, Michael E. Moore, Solicitor General, and Amy T. McConnell, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Human Services.

**OPINION**

**I. BACKGROUND**

On April 23, 2008, the trial court found Antione Batey ("Father") to be in contempt for failure to make 12 child support payments. The court sentenced Father to 10 days imprisonment for each violation – a total of 120 days – and ordered him to pay total payments of $120 biweekly. However, imposition of the sentence was delayed until a further hearing. The trial court held that if Father substantially complied with the child support order by the time of the next scheduled hearing, the sentence would be deemed

served. At a hearing on September 23, 2008, Father was deemed to be in substantial compliance.

Seven months' later, the State of Tennessee ("the State"), acting on behalf of Vicki Brown[1] ("Mother"), filed another petition of contempt[2] against Father, alleging that he was in arrears in the amount of $30,726.32. The State alleged that Father had paid through September 2008, but subsequently remitted only $320 of the $1200 due for the period from October 1, 2009, through February 17, 2009. He made one payment a month in October, November, and December, and no payments in January or February.

A hearing was held on September 22, 2009. Mother testified that she observed Father with his father working "off of the streets." By this phrase, she stated that she knew them to collect copper and redeem it for money. Mother testified that Father lives with his mother and has never appeared to be disabled or in bad health. She related that Father has held various wage-paying jobs, though never for very long. Mother stated that Father can read and write; the record, however, does not indicate his level of education. Although unemployed, Father has a cell phone. Mother testified that her daughter has the number to Father's cell phone and that he has maintained the same number for the past four years. She specifically noted: "As long as you all are watching him and have him on that monthly thing, he will pay it. . . ."

The trial court established that the contempt period ran from September 2008 to April 2009, and determined that Father had violated the child support order 18 times; he was sentenced to 10 days in jail for each violation for a total of 180 days in jail.

The trial court set a bond in this matter, but denied the request for a stay. When Father was unable to post the required amount, he was incarcerated. This court subsequently granted a stay pending the resolution of Father's timely filed appeal.

## II. ISSUES

We restate the issue raised by Father as follows:

Whether the trial court erred when it found Father in willful criminal contempt of the trial court's April 23, 2008 order where:

---

[1]Mother was receiving Title IV - D services; thus, the State was entitled to bring this action pursuant to Tenn. Code Ann. § 71-3-124(c), 42 U.S.C. § 654(4), and 45 C.F.R. § 302.33.

[2]The petition indicated that it was the eighth one filed against Father for child support.

(a) there was insufficient evidence to prove beyond a reasonable doubt that Father was in contempt;

(b) petitioner failed to prove all of the essential elements of criminal contempt; and

(c) petitioner failed to provide sufficient notice of the dates of the alleged contemptible behavior in the petition for contempt.

## III. STANDARD OF REVIEW

Our review is de novo upon the record of the trial court without any presumption of correctness attaching to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996) and Tenn. R. App. P. 13(d). We must, however, presume the trial court's factual findings to be correct absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### CONTEMPT

Tenn. Code Ann. § 29-9-102(3) authorizes courts to find persons who willfully disobey court orders to be in contempt of court. In order to find a party in contempt for failure to pay child support, "the court must first determine that [the party] had the ability to pay at the time the support was due and then determine that the failure to pay was willful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). As noted in *Ahern*,

> After a finding of contempt, courts have several remedies available depending upon the facts of the case. A court can imprison an individual to compel performance of a court order. This is typically referred to as "civil contempt." This remedy is available only when the individual has the ability to comply with the order at the time of the contempt hearing. Thus, with civil contempt, the one in contempt has the "keys to the jail" and can purge the contempt by complying with the court's order. In civil contempt, the imprisonment is meted out for the benefit of a party litigant.

*Ahern*, 15 S.W.3d at 79 (citations omitted).

As we held in *State of Tennessee ex rel. Murphy v. Franks*, No W2009-02368-COA-R3-JV, 2010 WL 1730024, at *3 (Tenn. Ct. App. W.S., Apr. 30, 2010),

> Civil contempt, contrary to criminal contempt, only requires that the defendant be given notice of the allegation and an opportunity to respond. *[State ex rel.] Flowers [v. Tenn. Trucking Ass'n Self Ins. Group Trust]*, 209 S.W.3d [602,] 611 [(Tenn. Ct. App. 2006)]. To find civil contempt in a case such as this, the petitioner must establish that the defendant has failed to comply with a court order. *Chappell v. Chappell*, 37 Tenn. App. 242, 261 S.W.2d 824, 831 ([Tenn. Ct. App.] 1952). Once done, the burden then shifts to the defendant to prove inability to pay. *Id.* If the defendant makes a prima facie case of inability to pay, the burden will then shift to the petitioner to show that the respondent has the ability to pay. *State ex rel. Moore v. Owens*, No. 89-170-11, 1990 WL 8624 (Tenn. Ct. App. February 7, 1990) (reversing a finding of contempt upon holding that respondent's testimony of inability to pay was unimpeached and uncontradicted by the petitioner); *see also* Garrett, Tenn. Practice Tenn. Divorce, Alimony & Child Custody § 16-4 (2009). . . .
>
> [W]hich type of contempt finding we are reviewing . . . affects our standard of review. For example, once the trial court finds the defendant guilty of criminal contempt, the defendant loses his or her presumption of innocence. *Brooks v. Brooks*, No. M2007-00351-COA-R3-CV, 2009 WL 928283, at *8 (Tenn. Ct. App. April 6, 2009) (citations omitted). "'Appellate courts do not review the evidence in a light favorable to the accused and will reverse criminal contempt convictions only when the evidence is insufficient to support the trier-of-fact's finding of contempt beyond a reasonable doubt.'" *Moody v. Hutchison*, 159 S.W.3d 15, 25 (Tenn. Ct. App. 2004) (citations omitted); *see also* Tenn. R. App. P. 13(e).
>
> Findings of civil contempt, on the other hand, are reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). . . . In reviewing the trial court's finding of civil contempt, we review its factual findings with a presumption of correctness unless the evidence preponderates otherwise pursuant to the standard contained in Tennessee Rule of Appellate Procedure 13(d). . . .

Rather than seek civil contempt, which would have placed the burden on Father to prove his inability to pay, the State's petition requested a finding of criminal contempt as the State's counsel announced in open court, "We're trying him criminally." Thus, the State had the burden of proof beyond a reasonable doubt.

Criminal contempt convictions are punitive in character, and their primary purpose is to vindicate the court's dignity and authority. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 474 (Tenn. 2003). Punishment for criminal contempt is "unconditional in nature" and serves to adjudicate "an issue between the public and the accused." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996) (citations omitted). Persons charged with criminal contempt are presumed innocent; the party seeking to hold them in criminal contempt has the burden of proving beyond a reasonable doubt that they willfully failed to comply with the court's order. *Storey v. Storey*, 835 S.W.2d 593, 599 (Tenn. Ct. App. 1992). For as we stated, in *Moody v. Hutcheson*, 159 S.W. 3d 15 (Tenn. Ct. App. 2004) in a criminal contempt case, many of the constitutional protections afforded a criminal defendant must be observed. However, a defendant in a criminal contempt case is not entitled to a trial by jury nor is he entitled to an initiation by indictment or presentment. *Id.* Further, trial courts may impose punishment for criminal contempt only after providing notice pursuant to Tenn. R. Crim. P. 42(b). *Jones v. Jones,* No. 01A01-9607-CV-00346, 1997 WL 80029, at *3 (Tenn. Ct. App. M.S., Feb. 26, 1997).

As noted above, on appeal, a person convicted of criminal contempt loses the presumption of innocence and bears the burden of overcoming a presumption of guilt. *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Thus, on appeal, Father has the burden of illustrating why the evidence is insufficient to support the verdict. *Black,* 938 S.W.2d at 399. "When the sufficiency of the evidence is challenged, our standard of review is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006). "The prosecution is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it." *Id.* "Questions regarding the credibility of witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact." *Id.*

Father contends that the State failed to prove the case against him beyond a reasonable doubt and neglected to establish two essential elements of the cause of action. He asserts there was no evidence presented that he had the ability to pay his support or that his failure to pay was willful. He argues the trial court erred in finding that because he was able to work, he had the ability to pay. While this court has held that the ability to pay means an individual "must have the income or financial resources to pay the obligation at the time it is due," *Buttrey v. Buttrey*, No. M2007-00772-COA-R3-CV, 2008 WL 45525, at *2 (Tenn. Ct. App. M.S., Jan. 2, 2008), where a party accused of contempt has "voluntarily and contumaciously" placed himself in a position where he cannot obey a court order, he cannot

use that inability to obey as a defense. *Id.* (quoting *Curtis v. Curtis*, No. M1999-00721-COA-R3-CV, 2001 WL 310641, at *7 (Tenn. Ct. App. M.S., Apr. 2, 2001) (quoting *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619 (Tenn. Ct. App. 1939)).

The record before us contains Mother's testimony that Father: redeems copper for money; has never appeared to be disabled or in bad health; has previously held wage-paying jobs for short periods; can read and write; and has had a cell phone for four years; additionally, we have the following comments of the trial court:

> Well, you know, you don't have to have a smoking gun. They don't have to have pictures and proof and a paycheck stub and all of that kind of stuff to prove contempt. You just don't have to have that. Ability to pay is an ability to go out and work. He walked out of here looking fine, didn't make his payments. Paid one payment in October, one payment in November, one payment in December; almost four payments when five – at least five would have been due. There were two missed during that period of time. After that, he just completely stopped paying and didn't make any payments.
>
> [Mother] saw him in February and March. The testimony was – and again, . . . [s]he doesn't have to follow him to the dumpster (inaudible) watch him go down there, cash it, put money in the hand; she doesn't have to prove all of that. She has to prove he has an ability to work. He was in the car. We can look at circumstances and we can draw a reasonable conclusion from the circumstances. He is in the car, there is copper in the tru[n]k. She knows he has done that historically. He is on his way there and says, after we are done, call me and I will give you money. . . .
>
> He was working. He gets out and hustles like she says he does. She has seen him on several occasions able-bodied and able to work, both during the period of contempt and after the period of contempt. And the only period that I have any payments that I have record of . . . [o]ne since December. So motion will be most respectfully denied.

These comments made by the magistrate following the hearing, however, do not constitute the final judgment. *See Dockery v. Dockery*, No. E2009-01059-COA-R3-CV, 2009 WL 3486662, at *8 (Tenn. Ct. App. E.S., Oct. 29, 2009). The apparent "final judgment" appealed from is the typewritten contempt order form entered with the Juvenile Court. While the trial court indicated on the form that "Supplemental Order with specific contempt findings shall be filed," it appears that no such supplemental order was ever filed. Accordingly, we have no trial court findings of guilt beyond a reasonable doubt to review.

We must find in Father's favor on this issue and vacate the criminal contempt convictions.[3]

We likewise find that the Rule 42 requirements of notice have not been satisfied. Tenn. R. Crim. P. 42(b) lays out the requirements of notice for criminal contempt charges:

(b) Disposition on Notice and Hearing. A criminal contempt shall be prosecuted on notice, except as provided in subdivision (a) of this rule.

(1) Content of Notice. The criminal contempt notice shall:

(A) state the time and place of the hearing;
(B) allow the defendant a reasonable time to prepare a defense; and
(C) state the essential facts constituting the criminal contempt charged and describe it as such.

(2) Form of Notice. The judge shall give the notice orally in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by a show cause or arrest order.

Tenn. R. Crim. P. 42(b) (1-2).

The petition for contempt filed on April 21, 2009, contained an exhibit reflecting the child support payments made by Father up to February 17, 2009. The petition, inter alia, advised Father as follows as to the requests of the State:

That the Court find the Respondent guilty of criminal contempt of Court pursuant to Tennessee Code Annotated Section 29-9-101 et seq, and sentence the Respondent to the Metropolitan Davidson County Workhouse/Jail for a period of ten (10) days per violation of the Order of this Court, for a total sentence not to exceed six (6) months.

Father contends that he was not on notice of alleged acts of contempt occurring *after* February 17, 2009. In his brief, he concedes that the petition for contempt put him on notice of 11 alleged violations of the payment order. The State likewise concedes that the contempt convictions that fall outside of the period September 2008 through February 17, 2008 should be vacated. Those concessions aside, however, we held in *McLean v. McLean*, No. E2008-

---

[3]In *State v. Wood,* 91 S.W.3d 769 (Tenn. Ct. App. 2002), we noted that criminal contempt is "enough of a crime" for the double jeopardy provisions in the federal and state constitutions to apply." *Id*. at 773.

02796-COA-R3-CV, 2010 WL 2160752 (Tenn. Ct. App. E.S., May 28, 2010) that

> [s]ufficient notice meeting the requirements of due process must be given as a prerequisite to a court's authority to punish a party for criminal contempt committed outside the presence of the court. Under Tenn. R. Crim. P. 42(b), a person facing a criminal contempt charge must "be given explicit notice that they are charged with criminal contempt and must also be informed of the facts giving rise to the charge." "Essential facts are those which, at a minimum, (1) allow the accused to glean that he or she is being charged with a crime, rather than being sued by an individual, (2) enable the accused to understand that the object of the charge is punishment – not merely to secure compliance with a previously existing order, and (3) sufficiently aid the accused to determine the nature of the accusation, which encompasses the requirement that the underlying court order allegedly violated by the accused is itself clear and unambiguous."

*McLean*, 2010 WL 2160752, at \*5 (Tenn. Ct. App. E.S., May 28, 2010) (internal citations omitted). Therefore, we find that the attached exhibit to the petition for contempt, filed by the Department of Human Services, did not clarify for Father the proper number of alleged violations or the correct amount of jail time he faced. The trial court also improperly found Father in criminal contempt without giving him notice orally in open court as required by Tenn. R. Crim. P. 42(b)(2). Despite having been charged eight times with criminal contempt for failure to pay child support, Father had never been incarcerated previously for failure to follow such orders. While he was sentenced to imprisonment for criminal contempt in April 2008, imposition of the sentence was delayed to allow him to comply with the child support order; upon Father's "substantial compliance" with the support order, his sentence was deemed served. Thus, we find the record raises serious doubts concerning whether Father clearly understood the criminal nature of the proceedings and that incarceration might be the result of the hearing.

## V. CONCLUSION

Therefore, the decision of the trial court holding Father in criminal contempt is vacated and the case is remanded to the trial court for collection of costs below. The appellee, the State of Tennessee, is charged with the costs of this appeal.

_____
JOHN W. McCLARTY, JUDGE

-8-