# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 1, 2012 Session

## BRANDI NICOLE SOSEBEE v. JOHN CHARLES SOSEBEE, JR.

**Appeal from the General Sessions Court for Blount County**
**No. S-16428     Robert Headrick, Judge**

---

**No. E2011-00682-COA-R3-CV-FILED-MAY 4, 2012**

---

In March of 2011, John Charles Sosebee, Jr. ("Husband") was found guilty of 69 counts of criminal contempt for violating an order of protection in favor of Brandi Nicole Sosebee ("Wife"). Husband was sentenced to 10 days in jail for each violation, for a total of 690 days. Husband appeals raising several issues including whether he received proper notice that Wife was seeking criminal contempt. We find and hold that Husband did not receive proper notice that criminal contempt was being pursued and should not have been convicted and sentenced accordingly. We, however, hold that the record on appeal supports a finding that Husband violated the order of protection on 69 occasions. We, therefore, modify the judgment to reflect that Husband committed civil contempt, and remand to the Trial Court with direction to set a purge amount and proceed accordingly.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

George R. Maifair, Knoxville, Tennessee, for the appellant, John Charles Sosebee, Jr.

Laura Rule, Maryville, Tennessee, for the appellee, Brandi Nicole Sosebee.

**OPINION**

**Background**

On August 13 2009, the Trial Court entered an Agreed No Contact Order of Protection ("Order of Protection") in favor of Wife against Husband. Among other things, the Order of Protection ordered Husband to pay to Wife $25.00 per week in child support for the parties' minor child beginning on September 14, 2009. The parties subsequently agreed to first a one year and later a five year extension of the Order of Protection.

In January of 2011, Wife filed a petition alleging that Husband had violated the Order of Protection because Husband "was orderd [sic] to pay 25 dollars a week and has not paid anything." After a hearing, the Trial Court entered an order on February 24, 2011 finding Husband in contempt of court and in violation of the Order of Protection for failing to pay child support as ordered, but reserved ruling on the issue of punishment. On March 17, 2011, the Trial Court entered its judgment finding that Husband had committed 69 violations of the Order of Protection and was in criminal contempt and sentencing Husband to 690 days in jail to be served day per day.

Husband filed a notice of appeal and a motion for stay pending appeal. The Trial Court entered an Agreed Order on June 24, 2011[1] finding that Husband had been incarcerated since March 17, 2011 and granting Husband's motion for stay pending appeal releasing Husband from incarceration on June 23, 2011 with the remainder of the sentence stayed pending the outcome of his appeal. Husband appeals.

**Discussion**

Although not stated exactly as such, Husband raises six issues on appeal: 1) whether Husband received proper notice that Wife was pursuing criminal contempt; 2) whether Husband received notice that Wife was alleging multiple violations of the Order of Protection; 3) whether the evidence supports a finding that multiple violations of the Order of Protection occurred; 4) whether Husband should have been sentenced under Tenn. Code Ann. § 36-5-104; 5) whether the Trial Court's finding contravenes the legislative intent of Tenn. Code Ann. § 36-3-618; and, 6) whether the sentence of 690 days incarceration is beyond what is necessary to bring Husband in compliance with the Trial Court's order.

Our review is *de novo* upon the record, accompanied by a presumption of

---

[1]The Trial Court entered an agreed order on June 17, 2011 simply granting Husband's motion to stay and then entered another agreed order on June 24, 2011 containing the details noted above.

correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).

A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether Husband received proper notice that Wife was pursuing criminal contempt. In *Moody v. Hutchison* we stated:

> A charge of criminal contempt is somewhat peculiar because such a charge encompasses aspects of both criminal law and civil law. In a criminal contempt case, many of the constitutional protections afforded a criminal defendant must be observed. For example, as discussed above, guilt must be proven beyond a reasonable doubt. *See Shiflet v. State*, 217 Tenn. 690, 400 S.W.2d 542 (Tenn. 1966). In *State v. Wood*, 91 S.W.3d 769 (Tenn. Ct. App. 2002), this Court noted that criminal contempt was "enough of a crime" for the double jeopardy provisions in the federal and state constitutions to apply. *Id*. at 773 (citing *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000)). On the other hand, criminal contempt is "not enough of a crime" to require initiation by an indictment or presentment, and there is no right to a trial by jury. *State v. Wood*, 91 S.W.3d at 773. *Case law is clear, however, that criminal contempt is "enough of a crime" to require proper notice.*

*Moody v. Hutchison*, 159 S.W.3d 15, 27 (Tenn. Ct. App. 2004) (emphasis added).

The notice to which Husband was entitled must conform with Tenn. R. Crim. P. 42, which provides in pertinent part as follows:

> **Rule 42. CRIMINAL CONTEMPT. –** (a) SUMMARY DISPOSITION. – A judge may summarily punish a person who commits criminal contempt in the judge's presence if the judge certifies that he or she saw or heard the conduct constituting the contempt. The contempt order shall recite the facts, be signed by the judge, and entered in the record.
>
> (b) DISPOSITION ON NOTICE AND HEARING. – A criminal contempt shall be prosecuted on notice, except as provided in subdivision (a) of this rule.

(1) CONTENT OF NOTICE. – The criminal contempt notice shall:

      (A) state the time and place of the hearing;

      (B) allow the defendant a reasonable time to prepare a defense; and

      (C) state the essential facts constituting the criminal contempt charged and describe it as such.

      (2) FORM OF NOTICE. The judge shall give the notice orally in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by a show cause or arrest order.

Tenn. R. Crim. P. 42.

In her petition Wife states that Husband "was orderded [sic] to pay 25 dollars a week and has not paid anything." Nowhere in the petition does it state that Wife is seeking criminal contempt. Wife argues in her brief on appeal that Husband was aware that he could be subject to incarceration for criminal contempt because Husband previously had been found guilty of criminal contempt for violating the Order of Protection and sentenced to incarceration. We disagree. The fact that Husband received notice in a prior proceeding that violation of the Order of Protection could subject him to criminal contempt is insufficient to satisfy the notice requirement in this action. Husband was entitled to receive notice in conformance with Tenn. R. Crim. P. 42 that Wife was seeking criminal contempt *in this proceeding*. Husband did not receive this required notice in this proceeding. As such, Husband should not have been convicted and sentenced for criminal contempt.

Husband did receive sufficient notice that he was at risk of being found in civil contempt at the hearing. The evidence presented to the Trial Court does not preponderate against the Trial Court's finding that Husband was in contempt. We, therefore, modify the Trial Court's judgment to reflect that Husband committed civil contempt, not criminal contempt.

We next address whether Husband received notice that Wife was alleging multiple violations of the Order of Protection. Husband argues in his brief on appeal that

Wife's petition "makes a single allegation and should in the worst case for [Husband] be treated as one violation of the order of protection." We disagree. Wife's petition alleges that Husband was ordered in the Order of Protection to pay $25.00 *per week* in child support and that Husband had "not paid anything." This allegation was sufficient to notify Husband that Wife was alleging that Husband had violated the Order of Protection one time for each one of the missed payment weeks. This issue is without merit.

Next we address whether the facts alleged support a finding that multiple violations of the Order of Protection occurred. Husband argues in his brief on appeal that:

> The facts used to prove the case at hand established one thing: that [Husband] had been ordered to pay child support under the order of protection, but that [Husband] had not paid any support. This is the single piece of evidence presented and, at most, one violation could possibly be proven using that evidence…. [T]he Trial Court should have found [Husband] guilty of, at most, one violation of the order of protection, and it was barred from finding additional violations from the January 6, 2011 filing due to double jeopardy protections.

Husband is mistaken.

Husband was ordered to pay $25.00 *per week* in child support. Each and every instance of Husband failing to pay the $25.00 per week constituted its own separate violation of the Order of Protection. If we were to adopt Husband's flawed reasoning, the results would be nothing short of absurd, forcing a payee parent to file a separate action for each missed payment or risk giving the violating payor parent a huge and unwarranted advantage with regard to potential punishment for contempt. Husband's argument is simply fallacious.

The Trial Court found that Husband had violated the order of protection 69 times for failing to pay child support for 69 weeks as ordered. The evidence in the record on appeal does not preponderate against this finding.

Our determination that, because of a lack of proper notice, Husband is not subject to criminal sanctions for his contempt renders Husband's remaining issues moot. We modify the Trial Court's judgment to reflect that Husband committed civil contempt, and we remand this case to the Trial Court to set a purge amount and proceed accordingly.

## **Conclusion**

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the appellant, John Charles Sosebee, Jr.

_____
D. MICHAEL SWINEY, JUDGE