# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2012

## STATE OF TENNESSEE v. ELDER MARK ANTHONY THORNTON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4374     Monte Watkins, Judge**

---

**No. M2011-02444-CCA-R3-CD - Filed January 29, 2013**

---

Appellant, Elder Mark Anthony Thornton,[1] was convicted in Davidson County General Sessions Court of eighty counts of criminal contempt after violating an order of protection. He appealed those convictions to the Davidson County Criminal Court and, following a bench trial, was found guilty of criminal contempt for 180 separate violations of the order of protection.  Appellant was pro se at trial. The trial court sentenced Appellant to ten calendar days per incident consecutively, for a total of 1800 days of incarceration. Appellant, still proceeding pro se, filed a timely notice of appeal. After a review of the original and the supplemented record, we determine that ten of the convictions and sentences are proper and, thus, are affirmed. However, the balance of the convictions, 170 in total, which were not listed in the charging notice can not stand, as proper notice was not given to Appellant.  As such, those convictions are reversed, and the resulting sentences are vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part and Reversed in Part**

DANIEL, J.S. ("STEVE"), Sp. J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Elder Mark Anthony Thornton, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney

---

[1]Appellant's proper name is unclear from our review of the record.  On the Appellant's brief he lists his name as Elder Mark Anthony Thornton.  On the jacket of the technical record, he is referred to as Anthony Mark Elder.  Appellant is also referred to as Elder Mark Anthony, Anthony Elder, Mark Thornton, Elder Mark Anthony Thornton, Elder M. Anthony, and Anthony M. Elder. For the sake of consistency, we will refer to Appellant as Elder Mark Anthony Thornton or Appellant.

General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The record reveals that Ms. Robyn Michelle Thornton, Appellant's former wife, sought an order of protection in the Wilson County General Sessions Court. That order was entered on March 2, 2010, and prohibited Appellant from "contacting, or otherwise communicating with the Petitioner, directly or indirectly, or coming about Petitioner or Petitioner's residence or place of employment for any purpose." The order was to remain in effect until December 9, 2014. On October 1, 2010, Ms. Thornton filed an affidavit for criminal contempt in the Davidson County General Sessions Court against Appellant alleging that he had violated the order of protection. The record indicates that this was not the first order of protection entered against Appellant, nor his first violation. The last violation appears to have occurred on August 22, 2009, for acts of violence committed by Appellant.

The charging instrument for the contempt action in the instant case was a warrant issued October 1, 2010, which was issued on the affidavit of Ms. Thornton and alleged that she had been "receiving phone calls from the suspect on several different days. After the fifth time or so the suspect called and started to become angry . . . ." Attached to the warrant was a form with the title "NOTICE," which had a section to allow the complainant to describe what Appellant did that was a basis of the issuance of the warrant. In this form Ms. Thornton wrote, "Violation of OOP- started calling last week 9/21/10, called approx. 10 times, last night left disturbing vm." A hearing was held on July 15, 2011, and Appellant was found guilty of eighty counts of criminal contempt in the Davidson County General Sessions Court and sentenced to ten days per count consecutively for a total sentence of 800 days, with the sentence to be served day for day. Appellant appealed his conviction as a pro se litigant, and his case was heard by the Davidson County Criminal Court. A bench trial was held October 17, 2011 to consider the appealed convictions in a trial de novo.

Ms. Thornton testified that Appellant had been in custody in both Wilson and Davidson County over other incidents of the violation of the orders of protection in 2010 and was released from custody at some point in mid-2010. The record demonstrates that Ms.

Thornton testified that in September and October of 2010 she started receiving text messages and phone calls at home and her place of employment from Appellant, which she considered threatening. Ms. Thornton and Appellant had been divorced for five years at the time of the trial. Ms. Thornton resides in Wilson County but is employed in Davidson County. Ms. Thornton testified that during September and October 2010, she received more than 450 text and phone messages, of which 180 were received in Davidson County. Appellant did not cross examine Ms. Thornton about the calls and/or text messages, nor did he testify. Ms. Thornton was the only witness that testified, and she introduced the only exhibit in the record which was the March 2, 2010 order of protection. Appellant presented no proof but insisted that the charges of violation of the order of protection were barred based on double jeopardy. His position is best presented by his argument to the court when he stated:

> This Court's ruled that. There is no -- I'm not saying I did not make the phone calls. I'm not arguing that I didn't make the text messages. I'm arguing that the order of protection in question is a fraudulent order of protection because in October of 2009, I was before this Court. This Court had jurisdiction of the case 2009D 3466, where the State was charging me with -- at that time it was reckless endangerment. Which May the 14th of 2010, they retired that case. That case stems from a case of September 28th of 2009, where the State dismissed the case of violation of order of protection with a weapon, on September the 28th of 2009. And case law states that they --

The trial court attempted to direct Appellant to present evidence, but he insisted that the evidence showed that this contempt prosecution was barred by double jeopardy. Ultimately the court's findings, including sentencing, were encompassed in the following colloquy:

> THE COURT: Alright, alright. This matter comes from actions that occurred in September and October of 2010, subsequent to the matters that [Appellant] was arguing about. Simple fact of the matter is that I find [Appellant] guilty of criminal contempt, 180 counts, and he is - -
>
> [Appellant]: I've been in jail for 99 days, Your Honor.
>
> COURT OFFICER: Let him speak.
>
> [Appellant]: I'm sorry.
>
> THE COURT: Ten days for each count, correct.

COURT OFFICER:  You can step back.

[Appellant]:  I'll appeal, Your Honor.  I appeal this ruling.

THE COURT:  Okay, go right ahead.

GEN. MOORE:  I take it that was consecutive, consecutive?

THE COURT:  Yes, consecutive, if I didn't say that already. . . .

**Analysis**

On appeal, Appellant presents nine issues, summarized as best as can be discerned by this court, as follows: (1) whether his prosecution violated double jeopardy; (2) whether the Davidson County Criminal Court had jurisdiction over the Davidson County General Sessions Court appeal; (3) whether the Davidson County General Sessions Court lacked subject matter jurisdiction; (4) whether Davidson County had jurisdiction to hear the criminal contempt charge when both parties live in Wilson County; (5) whether the Wilson County General Sessions Court improperly issued the order of protection; (6) whether Appellant's civil rights were violated because his arrest was based solely on the request of a citizen; (7) whether the Tennessee Court of Appeals has jurisdiction over the matter; (8) whether the Wilson County General Sessions Court had jurisdiction to issue an order of protection while a civil matter was pending between Appellant and his ex-wife; and (9) whether Appellant's constitutional rights were violated "as it relates to his actions that are spiritually/religiously motivated behavior, directly related to his inherently ecclesiastical functions and duties."

As an initial matter, we note that Appellant has waived several of these issues, including those concerning double jeopardy and the actions of the Wilson County courts, by his failure to supply an adequate record for review.  We are presented with a technical record and a supplemental record, consisting of a transcript of the trial proceedings, which are completely void of any evidence, documents, or records relating to these additional issues. Appellant is responsible for ensuring that a complete and adequate record is prepared and transmitted on appeal.  *See State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999).  If an incomplete record is presented to this court, an appellant risks waiving issues raised on appeal.  *See State v. Cindy L. Holder*, No E2000-01191-CCA-R3-CD, 2003 WL 367244 (Tenn. Crim. App., at Jackson, Feb. 21, 2003); *State v. Roger Stephen Riner*, No. M2009-00579-CCA-R3-CD, 2010 WL 3719168, at *4-5 (Tenn. Crim. App., at Nashville, Sept. 23, 2010), *perm. app. denied*, (Tenn. Feb. 17, 2011).  Here Appellant has been given ample opportunity, at the beginning of this appeal, in response to the State's brief and in response to this court's Per Curiam order, to cure these defects in the record, and he has

failed to do so. Therefore, review is precluded.

## I. Jurisdiction of the Davidson County Courts

We first address the issue of the jurisdiction of the Davidson County Criminal Court in hearing this matter. Tennessee Code Annotated section 36-3-601(3)(F) (2010) provides that "any appeal from a final ruling on an order of protection by a general sessions court . . . . shall be to the circuit or chancery court of the county". This statutory jurisdictional mandate was legislated to clarify the appropriate avenue of appeal and to provide a de novo hearing in a court of record for an appellant seeking a review of his or her conviction.

In *State v. Wood,* 91 S.W.3d 769 (Tenn. Ct. App. 2002), it was held that the Davidson County Criminal Court did not have jurisdiction of an appeal of a conviction for the violation of an order of protection. However, that case was decided prior to the effective date of Tennessee Code Annotated section 36-3-601(3)(F) and was limited to the facts of that case. As a general rule, we are of the opinion that a circuit court exercising criminal court jurisdiction would meet the spirit and intent of the statute and fulfill the purposes of the statute.

In this case, the order of protection that Appellant stands convicted of violating was issued in the Wilson County General Sessions Court. However, the convictions we are considering concern separate acts allegedly committed by Appellant in Davidson County. Tennessee Code Annotated §36-3-612(b) expressly authorizes courts that have jurisdiction over orders of protection to hear and decide violations of orders of protection that have been issued in other counties. Therefore, it was proper for the General Session Court of Davidson County to initially exercise jurisdiction over these charges and for the appeal to be taken to the Davidson County Criminal Court.

## II. Criminal Contempt and Notice

Although not raised by Appellant, our review of the record reveals a problem with proper notice in this case. Therefore, we review the contempt statute and its notice requirements.

### a. Criminal Contempt

Punishment for the violation of an order of protection is provided for in Tennessee Code Annotated §36-3-610(a) "in accordance with law" or by way of Tennessee Code Annotated §39-13-113, which is a class A misdemeanor, for "knowingly" violating the order. "In accordance with law," is the statutory authority for the court to sentence a defendant for

this crime in all circumstances where the statute does not establish the specific punishments. The statute authorizes up to ten days incarceration and up to a $50 fine. *See* Tenn. Code Ann. §29-9-103. In this case, Appellant was not prosecuted for 'knowingly" violating the order of protection, rather he was found to be in contempt of the court's orders with the punishment prescribed by Tennessee Code Annotated §29-9-103 as punishment for the criminal contempt in the failure to follow the valid order of the court.

As pointed out in *State v. Wood*, 91 S.W.3d 769, 773 (Tenn. Ct. App. 2002):

> The difficulty with contempt actions in orders of protection is the multiple ways by which criminal contempt is treated. On one hand we say criminal contempt is quasi-criminal, *Anderson v. Daugherty*, 137 Tenn. 125, 191 S.W. 974 (1917); therefore guilt must be proved beyond a reasonable doubt, *Shiflet v. State*, 217 Tenn. 690, 400 S.W.2d 542 (1966); and the prosecutor may not appeal an acquittal, *Archer v. Archer*, 907 S.W.2d 412 (Tenn. Ct. App. 1995). It is enough of a crime that the double jeopardy provisions of the state and federal constitutions prohibit a subsequent contempt prosecution after a contempt proceeding starts and comes to an inconclusive end in another court. *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000).

> On the other hand, it is not enough of a crime to prevent a prosecution for kidnaping after the accused is found guilty and punished for criminal contempt for the same conduct. *State v. Sammons*, 656 S.W. 2d 862 (Tenn. Crim. App. 1982). *See also State v. Winningham*, 958 S.W.2d 740 (Tenn.1997). It does not have to be initiated by an indictment or presentment. *Green v. United States*, 356 U.S. 165 at 184, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958). Nor does the right to a trial by jury, that ordinarily attaches to any prosecution where incarceration may be imposed, attach to a prosecution for criminal contempt under the general contempt statutes. *Pass v. State*, 181 Tenn. 613, 184 S. W.2d 1 (1944); *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000); cf. *State v. Dusina*, 764 S. W.184 S.W.2d 766 (Tenn. 1989).

The Court of Appeals has previously concluded that portions of the criminal code do not apply to the sentencing of those convicted of criminal contempt of an order of protection. Those sections include setting a percentage of the sentence that must be served, Tenn. Code Ann. §40-35-302(d), and provisions authorizing the earning of good conduct credits while

serving time in a local jail, Tenn. Code Ann. §41-2-111(b). However, it has been concluded that some other criminal sentencing principles embodied in the criminal statutes, such as Tennessee Code Annotated §40-35-103(4), which requires that the sentence imposed be the least severe measure necessary to achieve the purpose for which the sentence is imposed, do apply. *Wood*, 91 S.W.3d at 776.

Although complaints concerning the violation of a valid order of protection are hybrid actions embodying both civil and criminal matters, the purpose of the complaint is to vindicate or punish those in violation of the court order. *State ex rel, Agee v. Chapman*, 922 S.W.2d 516, 519 (Tenn. Ct. App. 1995); *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Therefore, the action is criminal in nature, and one accused of the violation is entitled to proper notice of the specific charged conduct that must be defended and an opportunity to be heard after proper notice.

### b. Notice of the Contempt Action

When an action is in the form of criminal contempt, the trial court may impose punishment for indirect criminal contempt only after providing notice pursuant to Tenn. R. Crim. P. 42(b). *Storey v. Storey*, 835 S.W.2d 593, 600 (Tenn. App. 1992). This notice must succinctly state the facts giving rise to the charge because the same conduct can constitute both civil and criminal contempt. Providing this notice at an early stage better enables the accused to invoke his or her procedural rights. *United States v. United Mineworkers*, 330 U.S. 258, 374, 67 S. Ct. 677, 736, 91 L.Ed. 884 (1947) (Rutledge, J., dissenting) (stating that "[o]ne who does not know until the end of litigation what his procedural rights in trial are, or may have been, has not such rights"). The notice necessary to meet the requirements of Tenn. R. Crim. P. 42(b) has been defined in *Long v. McAllister-Long*, 221 S.W.3d 1, 13-14 as follows:

> Adequate notice is notice that is clear and unambiguous to the average citizen. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 446, 31 S. Ct. 492, 500, 55 L.Ed. 797 (1911); *Jones v. Jones*, 1997 WL 80029 at *4. Because the same conduct can constitute both civil contempt and criminal contempt and because both contempt proceedings may carry with them the possibility of incarceration, it is imperative that notice specifically charge a party with criminal contempt. *Jones v. Jones*, 1997 WL 80029 at *2B3. Adequate notice encompasses, but is not limited to, the mandates of Tenn. R. Crim. P. 42(b), which requires that notice state the time and place of the hearing, allow the defendant reasonable time to

prepare a defense, and state succinctly for the accused the essential facts constituting the charge. *See Jones v. Jones*, 1997 WL 80029 at *3. Essential facts are those which, at a minimum, (1) allow the accused to glean that he or she is being charged with a crime, rather than being sued by an individual, (2) enable the accused to understand that the object of the charge is punishment not merely to secure compliance with a previously existing order, and (3) sufficiently aid the accused to determine the nature of the accusation, which encompasses the requirement that the underlying court order allegedly violated by the accused is itself clear and unambiguous. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 446, 31 S. Ct. at 500; *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d at 471; *McPherson v. McPherson*, 2005 WL 3479630 at *5; *Jones v. Jones*, 1997 WL 80029 at *3.

Here the warrant and attachments to the warrant specifically refers to ten phone calls made by Appellant to his ex-wife. Although proof of other incidents was introduced at trial, no mention is made in those documents of any other calls or text messages which were made by Appellant. Although it is imperative that valid orders of protection be enforced, those goals must be achieved only through processes that comply with basic due process as are set forth in Tenn. R. Crim. P. 42(b). Here those provisions have been completely ignored by failure to give Appellant proper notice, and convictions based on conduct not properly charged can not be sustained. Therefore, all convictions of criminal contempt based on conduct not charged, *i.e.*, here 170 counts, are reversed, and those sentences are vacated. As noted, proper notice was given for ten counts of violation of the order of protection by referring to ten phone calls made in the supporting documentation. Proof was presented with regard to those ten phone calls by Ms. Thornton at trial, and her testimony was not contradicted in any way with regard to those calls. Therefore, those ten convictions for violating an order of protection and their resulting sentences are affirmed.

## III.  Jail Credit

As a final issue, we note that the trial court made no findings as to the claim that Appellant made at the time of his conviction regarding his service of 99 days in jail. Although it would appear unnecessary based upon the conclusion of this appeal, the trial court on remand is to determine the amount of jail credit Appellant is entitled to should the State seek to initiate additional criminal contempt charges for acts occurring during this time frame.

## CONCLUSION

Based upon the foregoing, we affirm the ten convictions and sentences for the phone calls identified in the charging instruments. The remaining 170 convictions are reversed, and the sentences vacated. Further, we remand the case to the trial court with instructions to determine the jail credit earned by Appellant with a view to his immediate release.

_____
J.S. "STEVE" DANIEL, SPECIAL JUDGE